

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable George B. Butler, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. 0-6956

Re: Where the spouse is an offi-
cer or director of an assess-
ment association licensed
under Ch. 9a, Title 78 and
Art. 5068-1, V. A. C. S.,
and the other spouse is an
officer or director of another
such association, would said
associations be operating in
violation of Art. 4875a-4,
V. A. C. S.? And related
questions.

We acknowledge receipt of your letter of recent date
which reads as follows:

"Please advise whether two or more Assessment
Associations, licensed under Chapter 9a, Title
78 and Art. 5068-1 Vernon's Statutes, are
operating in violation of Art. 4875a-4 in the
following circumstances:

"One spouse is an officer or director of
one association and the other spouse an
officer or director of another association?

"Would your answer be different if one of
the spouses owned all or a part interest in
the Funeral Home designated in the policies
through which burial merchandise or services
will be performed?

"An officer or director of each of two or
more associations own an interest in the
Funeral Home designated in the policies of
the associations as the ones through which
the burial merchandise and services will be
furnished?

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL

Hon. George B. Butler, page 2

"Two or more associations have designated the same Funeral Home as the one to furnish merchandise and services under the policies of the association, but none of the officers or directors of the associations have any financial interest in the Funeral Home?

"Is it permissible for an agent to have an appointment from two or more associations and to write a policy in both associations on one individual?

"Is it permissible for two associations to occupy the same quarters and share the maintenance expenses of rent, utilities and so forth; may they jointly employ the same personnel to work for both associations and to pay them proportionately from each association?"

Article 5068-1, Vernon's Annotated Civil Statutes, provides in part as follows:

"Section 1. This Act shall apply to and embrace all insurance companies and associations, whether incorporated or not, which issue policies or certificates of insurance on the lives of persons, or provide health and accident benefits, upon the so-called mutual assessment plan, or whose funds are derived from the assessments upon its policy holders or members, and shall, in fact, apply to all life, health and accident companies or associations which do not come within the provisions of Chapter 3, Chapter 5, Chapter 7, Chapter 8, Chapter 9, Chapter 18, Chapter 19, or Chapter 20, Title 78 of the Revised Civil Statutes of Texas. This Act shall include local mutual aid associations; state-wide life; or life, health and accident associations; mutual assessment life; health and accident associations; burial associations; and similar concerns, by whatsoever name or class designated, whether specifically named herein or not."(Underscoring ours)

"* * *

"Sec. 2. The following terms when used in this Act shall be defined:

"* * *

"'Assessment' shall include premiums and mean any and all money or valuable thing paid in consideration of such insurance as is afforded by the certificate.

"'Membership fee' shall be the amount of the first assessment or assessments permitted by the Board to be placed in the expense fund of associations, representing cost of soliciting or procuring the member.

"* * *

George B. Butler,   page 3

"Sec. 12.  Assessments when collected shall be divided into at least two (2) funds.  One (1) of these shall be the mortuary or relief fund, by whatever name it may be called in the different associations, from which claims under certificates shall be paid, and to a limited extent the cost of defending contested claims, and nothing else; and the other funds shall be the expense funds from which expenses may be paid.  At least sixty (60%) per cent of assessments collected, except the membership fee, must be placed in the mortuary or relief fund.  The mortuary or relief funds may be invested only in such securities as are a legal investment for the reserve funds of stock life insurance companies.

"* * *

"Sec. 23.  Any individual, individuals, firms, co-partnerships, corporations or associations doing the business of providing burial or funeral benefits, which under any circumstances may be payable partly or wholly in merchandise or services, not in excess of One Hundred and Fifty ($150.00) Dollars, or the value thereof, are hereby declared to be burial companies, associations or societies, and shall organize under provisions of Chapter 274, Acts of the Forty-first Legislature, 1929, and amendments thereto; and shall operate under and be governed by Chapter 274, Acts of the Forty-first Legislature, 1929, and amendments thereto, and this Act.  It shall be unlawful for any individual, individuals, firms, co-partnerships, corporations, or associations, other than those defined above, to engage in the business of providing burial or funeral benefits, which under any circumstances may be paid wholly or partly in merchandise or services.

"Sec. 24.  Policies or certificates issued by burial associations shall provide for payment of the benefit in certain stipulated merchandise and burial service, which shall be scheduled in the policy or certificate and approved by the Board of Insurance Commissioners as being of the reasonable value as stated in the face of the policy, unless the insured shall at the time said policy is issued elect to have same paid in cash.  The policy shall show in writing the election made.  If the association issuing said policy shall fail or refuse to furnish the merchandise and services provided for in the policy, same shall be paid in cash."  (Underscoring ours)

Hon. George B. Butler, page 4

Art. 4875a-4, V. A. C. S., provides:

"There shall be no connection between any two associations operating under this law and no one association shall contribute anything by way of salary or compensation to any executive officer for the purposes of such other association."

Your first question was answered in this department's Opinion No. O-2879. By that opinion, in effect, we said that because there was a family relationship between the officers of two burial associations, Art. 4875a-4 was not violated.

In answer to your second question, it is our opinion that in the absence of any statutory prohibition where one spouse owns an interest in or owns all of a Funeral Home designated in the policy of a burial association through which burial merchandise or services are to be furnished, he, or the other spouse, may serve as an officer or director of such association.

In view of what we have said above, your third question is answered in the negative.

In view of our Opinion No. O-2879, a copy of which was heretofore furnished you, and because of what we have said in answer to your second and third questions, we answer your fourth question in the negative.

It is our opinion that your fifth question should be answered in the affirmative and it is so answered.

In answer to your sixth question, it is our opinion that the set of facts as stated does not violate Art. 4875a-4, as a matter of law.

We trust that the above and foregoing satisfactorily answers your inquiries.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

BY

Jesse Owens
Assistant

APPROVED DEC 12 1945

TO:LJ FIRST ASSISTANT